[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS CODED NO. 149 AND NO. 151
The defendant has filed a motion to reargue coded No. 149, and the plaintiff has filed a motion for contempt coded No. 151. The motion to reargue filed by the defendant raises three issues: CT Page 6518 (a) the issue of insurance reimbursement; (b) holiday visitation; and (c) the designated visitation exchange location when visitation is exercised by the plaintiff.
Insofar as the issue of insurance reimbursement is concerned, the court does not allow any insurance reimbursement to the defendant
Insofar as the issue of holiday visitation is concerned, no change is made in the holiday visitation order.
The issue of the designated visitation exchange location is also raised in the plaintiff's motion for contempt coded No. 151, in paragraph two. The court has already ruled regarding the issue of reimbursement raised in paragraph three of the plaintiff's motion for contempt.
For reasons hereinafter stated, the motion for contempt is denied and the visitation exchange location is changed. The existing location for the exchange of the children is at Tuckahoe Road in Westchester, New York. The distance from the defendant's home to that location is approximately fifty-six miles and takes her approximately sixty-five to seventy-five minutes to get there. She works in Garrison, New York and the distance from Garrison, New York to Tuckahoe Road is approximately thirty-six or thirty-seven miles and takes her approximately forty to forty-five minutes from her employment to that location. Her employment commences at 8:30 a.m. The parties have agreed that the Thursday midweek visitation should be eliminated and the court so orders. The defendant has failed to comply with dropping the children off at the Tuckahoe Road location at the commencement of visitation as that would result in her being late for work and would risk her losing her employment. The plaintiff lives at Lake Ronkonkoma in New York. It takes him approximately one and one-half hours to drive to the defendant's residence and just over one hour to drive to the Tuckahoe Road location. Paragraphs two and three of the existing memorandum of decision provide in part as follows:
 2. The plaintiff is awarded specific visitation rights as follows: (a) alternating weekend from Saturday 8 a.m. to Sunday 7 p. m.; (b) alternating Saturdays from 8 a.m. to 6 p. m.; (c) each Thursday evening from 3:30 p. m. to 7 p. m.; (d) holidays are to be alternated . . . Notwithstanding the above schedule, all Monday holidays shall be awarded to the party who has had the children on the previous weekend. When CT Page 6519 this results in the plaintiff having the weekend extended to include the Monday holiday, the children are to be returned by Monday at 5 p. m.
 3. The pickup and return for all visitation is to take place at Tuckahoe Road in Westchester County, New York. . . . In the event either party moves from their present residence, that move may be the basis for changing the pickup and return schedule of the children.
The above order is modified as follows. The plaintiff is to pick up the children on his alternating weekend visitation on Saturday, as well as his alternating Saturday visitation at 8:15 a.m. at the Deli in Garrison, New York. On the weekend visitation, the defendant is to pick up the children at the plaintiff's residence at Lake Ronkonkoma, New York on Sunday at 4:30 p. m. On the Monday holidays when the children are with the plaintiff for the extended weekend, the defendant is to pick up the children at the plaintiff's residence at 4:30 p. m. On the Saturday visitation, the plaintiff is to bring the children to the Tuckahoe Road location where they are to be picked up by the defendant at 6 p. m.
The motion to find the defendant in contempt is denied. No counsel fees are awarded in favor of the defendant. The plaintiff is awarded one additional week's visitation with the children during the summer of 1997, to make up for his lost visitation since the memorandum of decision was filed. In the event the parties cannot agree as to when that week's visitation is to take place, the court reserves jurisdiction to decide that issue upon a motion being filed.
Axelrod, J.